IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICK CHERFILS,
        Plaintiff,

vs.                                3:07cv391/MCR/MD

SGT. JONES, et al.
        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner in the custody of the Department of Corrections, is seeking redress pursuant to 42 U.S.C. § 1983 for alleged constitutional violations that occurred during his incarceration at Santa Rosa Correctional Institution. The full filing fee has been paid. (Doc. 3). Plaintiff contends that defendants Sgt. S.H. Jones, Officer J.M. Coleman, and T.M. Reyes violated his rights by depriving him of certain personal property without justification, filing a false disciplinary report against him, submitting a false statement during a disciplinary hearing, and depriving him of a fair hearing, in violation of the First and Fourteenth amendments. He seeks declaratory relief, nominal damages, his costs, that the defendants be "sanctioned" for rules violations and any other relief that the court finds proper. Upon review, the court finds that the plaintiff's case should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

---

[1] Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if plaintiff has not stated enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1973 n.14, 1974 (2007). (once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint *11 in note 14) (abrogating *Conley v. Gibson,* 355 U.S. 41, 47,

*Page 2 of 8*

The incidents giving rise to this complaint began in June of 2007, when Sgt. Jones attempted to divest plaintiff of a tank top t-shirt that was alleged to be contraband. Plaintiff refused to relinquish the shirt and was prevented from participating in recreation for two weeks as a result. (Doc. 8, ¶ 3) In early July of 2007, plaintiff was allegedly subjected to derogatory remarks and threats by Officer Coleman. (*Id.*, ¶ 5). As a result of the encounter with Officer Coleman, plaintiff ultimately relinquished his tank top. (*Id.*, ¶ 6). Additionally, plaintiff asserts that as a result of his reluctance to relinquish his property, he received a disciplinary report for a spoken threat. Plaintiff claims that the DR was retaliatory in nature. (*Id.*, ¶ 7). Plaintiff asserts that a subsequent conversation with Sgt. Jones proved to him that Jones had "masterminded" the "ordeal." (*Id.,* ¶ 8). During the DR investigation, plaintiff contends that Jones unlawfully prohibited plaintiff from submitting a statement in his own behalf. (*Id*., ¶ 10). A DR hearing was conducted on July 10, 2007, at which plaintiff presented and furnished documents and evidence to the DR team, including the witness statement that Sgt. Jones had refused to accept during the investigation, the camera and a witness to the incident. (*Id.*, ¶ 12-14). However, the DR hearing team did not consider plaintiff's own witness statement due to Sgt. Jones' report that plaintiff had refused to cooperate during the investigation. (*Id.*, ¶ 15). Plaintiff contends that as a result he has been deprived of a fair hearing in violation of the due process clause. (*Id.*, ¶ 16). He does not state what penalty or punishment he received as a result of being convicted of the DR.

It is well established that a prisoner's constitutional rights are violated if adverse action is taken against him in retaliation for the exercise of his First Amendment rights. See *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir.1997); *Wright v. Newsome*, 795 F.2d 964 968 (11th Cir. 1986); *Adams v. James*, 784 F.2d 1077, 1080 (11th Cir. 1986). Retaliation against an inmate for exercising

---

78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S., at 45-46, 78 S.Ct. 99.)) Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

a constitutional right may be a constitutional violation even if no separate and additional constitutional violation ensues.  *Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1989) (the retaliatory penalty need not rise to the level of a separate constitutional violation to state a claim); *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) (an inmate may still present a First Amendment retaliation claim even though complaint alleges facts "that might not otherwise be offensive to the Constitution," such as a search or the confiscation and destruction of nonlegal materials); *Wilson v. Silcox*, 152 F.Supp.2d 1345, 1351 (N.D. Fla. 2001)(citing cases); *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005) (retaliation based on a prisoner's exercise of his First Amendment rights violates the constitution). This is because "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising" his constitutional right to free speech, redress of grievances, or similar activity.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (quoting *Thomas,* 880 F.2d at 1242).

Although prisoners have a right to be free from retaliatory punishment for the exercise of a constitutional right, *Adams v. James*, 784 F.2d 1077, 1079-80 (11th Cir. 1986); *Bridges v. Russell*, 757 F.2d 1155 (11th Cir. 1985), broad, conclusory allegations of retaliation are insufficient to state a claim under section 1983.  *Harbin-Bey v. Rutter*, 420 F.3d 571, 579 (6th Cir. 2005); *Goldsmith v. Mayor and City Council of Baltimore*, 987 F.2d 1064, 1071 (4th Cir. 1993); *Flittie v. Solem*, 827 F.2d 276, 281 (8th Cir. 1987); *Gill v. Mooney*, 824 F.2d 192, 194 (2nd Cir. 1987).  Furthermore, an inmate may not state a claim of retaliation where the "discipline [was] imparted for acts that a prisoner was not entitled to perform." *Cowans v. Warren*, 150 F.3d 910, 912 (8th Cir. 1998) (quoting *Orebaugh v. Caspari,* 910 F.2d 526, 528 (8th Cir.1990) (per curiam)); *see also, Romansky v. Stickman,* 147 Fed.Appx. 310, 2005 WL 2271154 (3rd Cir. 2005) (where a prisoner is found guilty of a disciplinary infraction, he does not state a claim for retaliation in its writing); *Earnest v. Courtney*, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam) (assignment to utility squad for gambling not retaliatory); *Henderson v. Baird*, 29 F.3d 464, 465, 469 (8th Cir.1994) (assault charge and conviction found not to be retaliatory; a finding that a prisoner violated the rules "checkmates" his retaliation claim); *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir.1993) (alleged retaliatory transfer); *see also Graham v. Henderson*, 89 F.3d 75, 79 (2nd Cir. 1996); *Wilson*

*v. Phipps*, 149 F.3d 1185 (6th Cir. 1998) (Table, text in WESTLAW).  While plaintiff was clearly displeased over having to relinquish his tank top t-shirt, this did not entitle him to threaten correctional officers.

Furthermore, plaintiff is advised that to the extent he claims defendant Coleman retaliated against him by filing a false disciplinary report which resulted in plaintiff's wrongful conviction of disciplinary charges and presumably the loss of gain-time, or that his due process rights were violated in the ensuing disciplinary hearing by either Sgt. Jones or Officer Reyes, such a claim is subject to dismissal.  In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that where success in a prisoner's § 1983 damages action would implicitly question the validity of his conviction or the duration of his sentence, the litigant must first achieve favorable termination of his available state, or federal, habeas opportunities to challenge the underlying conviction or sentence.  In other words, an action under § 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck* at 487, 114 S.Ct. at 2372.

In *Edwards v. Balisok*, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court applied *Heck* in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative process, where the administrative (disciplinary) action taken against the plaintiff could have affected credits toward release based on good-time served.  The Court held that a state prisoner 's claim for damages is not cognizable under § 1983 if a judgment in favor of the plaintiff would necessarily be at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.  Absent such an invalidation, the § 1983 suit must be dismissed.

Here, plaintiff contends that the very existence of the disciplinary report for spoken

threats was an act of retaliation for his exercise of his First Amendment rights.  Since the claims of retaliation would imply the invalidity of the disciplinary conviction which presumably resulted in the loss of gain-time, and thereby would imply the invalidity of the State's calculation of time to be served in accordance with plaintiff's underlying sentence, plaintiff's claims cannot proceed until he has had the disciplinary convictions reversed, expunged, or otherwise negated.  Plaintiff's second amended complaint alleges no facts to suggest that that has occurred.

Furthermore, because because prison disciplinary proceedings are not part of a criminal prosecution, the full panoply of due process rights that are due a defendant in a criminal proceeding does not apply.  *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974).  In the prison context, due process requirements under the Constitution are satisfied if (1) written notice of the charges is given to the inmate at least twenty-four hours in advance in order to inform him of the charges and to enable him to marshal the facts and prepare a defense, (2) the inmate is given the opportunity to call witnesses and present evidence when doing so would not unduly interfere with institutional safety or correctional goals, and (3) a written statement is drafted by the fact-finders as to the evidence relied on and the reasons for the disciplinary action.  *Id*. at 563-67, 94 S.Ct. at 2978-80; see also *Ponte v. Real*, 471 U.S. 491, 492 (1985); *Young v. Jones*, 37 F.3d 1457, 1459-60 (11th Cir. 1994).  In regard to the third requirement, the Supreme Court has held that the district court need only inquire into whether there is "some evidence" upon which the disciplinary team could base its decision.  *Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985); see also *Wiliams v. Fountain*, 77 F.3d 372, 374-75 (11th Cir. 1996).  Reliance upon the observations of a correctional officer can alone be sufficient to meet the evidentiary standard.  *Hill,* 472 U.S. at 456-57, 105 S.Ct. at 2774-75. *Wolff* also requires an impartial hearing board -- a member of the disciplinary board hearing the case may not participate in the case as an investigative or reviewing officer.  *Wolff*, 418 U.S. at 539, 572 n. 20.  Based on the allegations in his complaint, even if the DR had been overturned, plaintiff has not stated a claim for a due process violation.

Additionally, to the extent plaintiff raises a claim of verbal harassment, it is not cognizable under section 1983. As the Fifth Circuit has stated:

> as a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations .... Were a prisoner ... entitled to a jury trial each time he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits ....

*McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quotations and citations omitted). *See generally Evans v. City of Zebulon, GA,* 351 F.3d 485, 495-496 (11th Cir. 2003) (verbal taunts by other inmates or government officials do not violate constitutional rights), *vacated by* 364 F.3d 1298 (11th Cir. 2004)*, rehearing en banc granted on other grounds, Evans v. Stephens,* 407 F.3d 1272 (11th Cir. 2005)[2]; *see also Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)(mere allegations of verbal abuse do not present actionable Section 1983 claim); *Swoboda v. Dubach* 992 F.2d 286, 290 (10th Cir. 1993)(allegations that officers threatened to kill inmate not cognizable under Section 1983); *Hopson v. Fredricksen*, 961 F.2d 1374, 1378 (8th Cir. 1992)(mere verbal threats generally do not constitute a Section 1983 claim); *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993)(verbal harassment of prisoner failed to state a claim under the Eighth Amendment because the words did not terrorize the inmate with a threat of death); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997); *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996);

---

[2](Citation from *Evans*: "This Court, for example, has held that verbal taunts by other inmates do not pose a serious risk to the prisoner's health or safety under the Eighth and Fourteenth Amendments. *496 Edwards v. Gilbert, 867 F.2d 1271, 1274 n. 1 (11th Cir.1989). Cf. McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.1983) (threatening language and gestures of a corrections officer do not generally violate an inmate's Eighth Amendment rights). Other courts have held that verbal threats and harassment by a government official do not generally violate substantive due process. King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir.1997); Robertson v. Plano City, 70 F.3d 21, 24 (5th Cir.1995); Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir.1991). Some courts have applied this principle to the arrest context. See Hopson v. Fredericksen, 961 F.2d 1374, 1378-79 (8th Cir.1992) (officer's statement during an arrest that he would knock the arrestee's teeth out and his use of a racial slur did not violate the Fourth Amendment); Keyes v. City of Albany, 594 F.Supp. 1147, 1155 (N.D.N.Y.1984) ("verbal abuse, including vile language and racial epithets" directed at bystanders during an arrest did not violate their constitutional rights). In light of this caselaw treating verbal abuse, even vile language and racial epithets, as insufficient to constitute a constitutional violation, we cannot conclude that it was clearly established that Stephens's taunts and threats of prison rape might so exacerbate the intrusiveness of the strip search as to violate the appellees' constitutional rights.

*Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Ivey v. Williams*, 832 F.2d 950, 955 (6th Cir. 1987); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973). Not only eighth amendment claims are barred. Several courts have held that verbal threats and harassment by a government official do not generally violate substantive due process. *Evans v. City of Zebulon, GA,* 351 F.3d 485, 496 (11th Cir. 2003), *vacated by* 364 F.3d 1298 (11th Cir. 2004)*, rehearing en banc granted on other grounds, Evans v. Stephens,* 407 F.3d 1272 (11th Cir. 2005); *(citing King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997); *Robertson v. Plano City*, 70 F.3d 21, 24 (5th Cir. 1995); *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir.1991)). "The Constitution does not protect against all intrusions on one's peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir.1991).

Finally, the court notes that plaintiff did not completely exhaust his administrative remedies prior to filing this case as required by Title 42 U.S.C. § 1997e. At least one of his grievances was dated **after** the date he filed the original complaint. And, several of the grievances were apparently returned without action as plaintiff had failed to comply with DOC Rules in submitting his grievances.

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

At Pensacola, Florida, this 2nd day of January, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).